UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SPECTREVISION INDUSTRIES LLC,       )
                                    )
                Plaintiff,          )
                                    )
        v.                          )       No. 1:22-cv-01852-JPH-MG
                                    )
ALMOST NEVER FILMS INC.,            )
DANNY CHAN,                         )
                                    )
                Defendants.         )

**ORDER**

Spectrevision filed this action seeking a declaratory judgment that it has not breached certain contracts related to a loan that it guaranteed.  In its Complaint, Spectrevision alleges that "Defendants threatened Spectrevision with litigation should it not promptly remit the amount demanded."  Dkt. 1 at 5 (Compl. ¶ 34).  Defendants have filed a motion to dismiss the Complaint for failure to state a claim upon which relief can be granted.  Dkt. 17.

Defendants' arguments regarding prudential reasons why courts sometimes decline to hear declaratory judgment cases cause the Court to question whether Spectrevision's suit satisfies the ripeness requirements of Article III of the U.S. Constitution.  *See* dkt. 18 at 3–7; *Metro. Wash. Airports Auth. v. Citizens for Abatement of Aircraft Noise, Inc.*, 501 U.S. 252, 265 n.13 (1991) ("[Ripeness] concerns our jurisdiction under Article III, so we must consider the question on our own initiative.").

Declaratory judgment actions are ripe only when the facts alleged "show that there is a substantial controversy . . . of sufficient immediacy and reality

1

to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  In other words, such actions may be entertained only when (1) there is an immediate and real threat of a lawsuit and (2) a plaintiff identifies a legitimate, nonspeculative harm it might face if the Court does not entertain the request for declaratory relief.  *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 711–12 (7th Cir. 2002).

Here, Spectrevision entered into a contract with Defendants that said that Spectrevision would guarantee up to $100,000, plus interest, on a loan that Defendants made to a nonparty.  Dkt. 1 at 17 (Compl. ¶ 129).  The Defendants have demanded that Spectrevision pay that guarantee or face litigation, *id.* at 4–5 (¶¶ 29, 34), but Spectrevision does not believe the time for payment has come, *id.* at 16 (¶¶ 122–27).  So Spectrevision filed this action asking for a declaration that its contractual interpretation is right, so the $100,000 guarantee is not due.  *Id.* at 19–20 (¶ 156).

But "the threat of suit, however immediate, is not by itself sufficient for the invocation of the federal power to issue a declaratory judgment."  *Hyatt Int'l*, 302 F.3d at 712.  Spectrevision has not alleged any specific harm that might come from waiting for a breach of contract suit or otherwise why it needs declaratory relief at this time, other than the mere threat of suit.  *See id.* at 711 ("It is hard to see what harm Hyatt would have suffered by waiting for Coco to sue, other than the normal uncertainty a defendant experiences while the statute of limitations is running and there is a possibility of a later obligation to pay money damages.").  Therefore, it appears that this case may not be ripe for

2

adjudication.  *Lehn v. Holmes*, 364 F.3d 862, 867 (7th Cir. 2004) ("[C]ourts should not render decisions absent a genuine need to resolve a real dispute.").

Spectrevision is **ORDERED to SHOW CAUSE** by **July 21, 2023,** why this case should not be dismissed. Defendants may respond **no later than 14 days after** Spectrevision's submission.  The parties' respective filings may not exceed 10 pages.  Defendants' motion to dismiss, dkt. 17, remains under advisement.

**SO ORDERED.**

Date: 6/28/2023

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

3